NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BRANDEN TROUTMAN, *Appellant.*

No. 1 CA-CR 13-0726
FILED 4-10-2014

Appeal from the Superior Court in Maricopa County
No. CR 2001-094522
The Honorable Justin Beresky, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Adams
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Margaret H. Downie and Judge Michael J. Brown joined.

---

**C A T T A N I**, Judge:

¶1 Branden Troutman appeals the superior court's order revoking probation and imposing a seven-year prison sentence. Troutman's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), certifying that, after a diligent search of the record, she found no arguable question of law that was not frivolous. Troutman was given the opportunity to file a supplemental brief, but did not do so. Counsel asks this court to search the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999). After reviewing the record, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Pursuant to a plea agreement, Troutman pleaded guilty in 2002 to one count of attempted sexual conduct with a minor and one count of attempted molestation of a child, both class 3 felonies and second-degree dangerous crimes against children. The superior court sentenced Troutman to 10 years' imprisonment on the sexual conduct count, and suspended sentence and imposed lifetime probation on the molestation count. The conditions of probation required, among other things, that Troutman not use illegal drugs or controlled substances and that he abide by his written intensive probation schedule.

¶3 After Troutman's release from confinement, the court twice reinstated probation after he violated probation conditions. Thereafter, in June 2013, Troutman's probation officer again filed a petition to revoke, alleging as relevant here that Troutman had used illegal drugs or controlled substances and that Troutman had failed to follow his intensive probation schedule. At the violation hearing, the probation officer testified that Troutman had tested positive for amphetamines twice and, when confronted with the positive test results, had admitted using methamphetamine on one occasion and a different controlled substance on the other. The officer also testified that Troutman had not followed his

agreed-upon intensive probation schedule, failing to go to work as required the week of April 10, 2013.

¶4        The superior court found that Troutman had violated these two conditions of probation. The court revoked probation and sentenced Troutman to a mitigated term of seven years' imprisonment on the molestation charge.

¶5        Troutman timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033.[1]

## DISCUSSION

¶6        The record reflects that the superior court afforded Troutman his rights under the United States and Arizona Constitutions and our statutes, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. Troutman was present and represented by counsel at all critical stages of the revocation proceedings. The court conducted appropriate hearings, and the evidence presented and summarized above was sufficient to support the court's finding that Troutman had violated conditions of probation and of intensive probation. In light of these violations, the court was authorized to revoke probation and impose a sentence of imprisonment. *See* A.R.S. §§ 13-901(C), -917(B). Troutman's sentence falls within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

¶7        For the reasons stated, we affirm the superior court's order revoking probation and imposing a seven-year prison sentence.

---

[1]        Absent material revisions after the relevant date, we cite a statute's current version.

**¶8**        After the filing of this decision, defense counsel's obligations pertaining to Troutman's representation in this appeal will end after informing Troutman of the outcome of this appeal and his future options. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Troutman has 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: MJT